UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:24cv80982

JACQUELINE OSTFELD,

        Plaintiff,                                          JURY TRIAL DEMANDED

v.                                                          INJUNCTIVE RELIEF SOUGHT

ORLANDO HEALTH INC, and USCB
AMERICA RECEIVABLES
MANAGEMENT INC,

        Defendants.
_____/

## COMPLAINT

Plaintiff Jacqueline Ostfeld ("Plaintiff") sues Orlando Health Inc and USCB America Receivables Management Inc (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

4.      Defendant Orlando Health Inc ("Orlando Health") is a Florida Corporation, with its principal place of business located in Orlando, Florida.

5.      Defendant USCB America Receivables Management Inc ("USCB America") is a California corporation, with its principal place of business located in Los Angeles, California.

**DEMAND FOR JURY TRIAL**

6.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

7.      On a date better known by Orlando Health, Orlando Health began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Orlando Health, and Plaintiff (the "Subject Service").

9.      The Subject Service was primarily for personal, family, or household purposes.

10.     In particular, the Consumer Debt relates to 'in network' medical services rendered to Plaintiff on October 04, 2021. The total amount of the Consumer Debt was $627.00 of which Plaintiff was only responsible for $50.00 thereof. Plaintiff paid her $50.00 obligation on October 04, 2021. A dispositive reason Plaintiff chose Orlando Health to render the underlying medical services was, despite being more than a three-hours away from Plaintiff's home, because Orlando Health repeatedly confirmed prior to the date of service that Plaintiff's maximum financial obligation would be $50.00, whereby such was also confirmed by Orlando Health on the date of service.  In January-2022, Plaintiff repeatedly contacted Orlando Health by phone regarding the billing error and spoke to multiple agents of Orlando Health, including supervisors, thereby consuming hours of Plaintiff's time and inflicted Plaintiff with distress, frustration, and loss of sleep. As alleged below, such efforts were in vein, even despite written notice from an attorney

hired by Plaintiff, as Orlando Health proceeded to place the Consumer Debt with a third-party collection agency, USCB America.

11.     Orlando Health is a "person" within the meaning of Fla. Stat. § 559.72.

12.     USCB America is a "person" within the meaning of Fla. Stat. § 559.72.

13.     On March 14, 2022, Orlando Health received written notice (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff effectively revoked any consent Orlando Health had to communicate with Plaintiff directly; **[3]** Orlando Health was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

14.     Orlando Health received the Notice on March 14, 2022.

15.     Attached as Exhibit "A" is the Notice.

16.     Upon receipt of the Notice, Orlando Health knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

17.     Upon receipt of the Notice, Orlando Health knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

18.     Upon receipt of the Notice, Orlando Health knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

19.     By and through the Notice, Orlando Health had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

20.     Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Orlando Health was not permitted to contact Plaintiff directly, Orlando Health contracted with USCB America to collect, or attempt to collect, the Consumer Debt from Plaintiff.

21.     In contracting with USCB America to collect, or attempt to collect, the Consumer Debt from Plaintiff, Orlando Health disclosed to USCB America that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

22.     In contracting with USCB America to collect, or attempt to collect, the Consumer Debt from Plaintiff, Orlando Health disclosed to USCB America that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided USCB America with information sufficient to allow USCB America to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

23.     On a date better known by Defendants, USCB America, on behalf of Orlando Health, began attempting to collect the Consumer Debt from Plaintiff.

24.     USCB America is a business entity engaged in the business of soliciting consumer debts for collection.

25.     USCB America is a business entity engaged in the business of collecting consumer debts.

26.     USCB America regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27.     USCB America is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

28.     USCB America's "Consumer Collection Agency" license number is CCA9904656.

29.     USCB America maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

30.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which USCB America does maintain, are current to within one week of the current date.

31.     For USCB America's "Consumer Collection Agency" license to remain valid, USCB America is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

32.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that USCB America *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

33.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that USCB America *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

34.     Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, Orlando Health, by and through USCB America, sent Plaintiff a letter, internally dated January 31, 2024, (the "Collection Letter") in an attempt to collect the Consumer Debt.

35.     Attached as Exhibit "B" is a copy of the Collection Letter.

36.     The Collection Letter is a communication from Orlando Health by and through USCB America.

37.     The Collection Letter is a communication from Orlando Health to Plaintiff in connection with the collection of the Consumer Debt.

38.     The Collection Letter is a communication from USCB America to Plaintiff in connection with the collection of the Consumer Debt.

39.     The Collection Letter represents an action to collect a debt by Orlando Health.

40.     The Collection Letter represents an action to collect a debt by USCB America.

41.     The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt.

42.     Receiving the Collection Letter caused Plaintiff to waste time.

43.     Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in response to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

44.     Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

45.     The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew Orlando Health was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

46.     The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

**COUNT 1**
**<u>VIOLATION OF FLA. STAT. § 559.72(18)</u>**
(against Orlando Health)

47.     Plaintiff incorporates by reference paragraphs 7 through 46 of this Complaint.

48.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney*

*with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address….*" Fla. Stat. §559.72(18) (emphasis added).

49.     As stated above, Orlando Health knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of March 14, 2022. Despite knowing this, Orlando Health communicated and/or contact Plaintiff directly, by and through the Collection Letter it (Orlando Health) contracted with USCB America to send, in connection with the collection of the Consumer Debt.

50.     Accordingly, Orlando Health violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (Orlando Health) contracted with USCB America to send to Plaintiff.

51.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Orlando Health, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Orlando Health from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(6)**
(against Orlando Health)

52.     Plaintiff incorporates by reference paragraphs 7 through 46 of this Complaint.

53.     Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

54.     As stated above, after Orlando Health was notified on March 14, 2022, that Plaintiff disputed the Consumer Debt by and through the Notice, Orlando Health contracted with USCB America to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, Orlando Health disclosed to USCB America the existence of the Consumer Debt, that the Consumer Debt was owed to Orlando Health by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent USCB America claims it *was not* notified by Orlando Health that Plaintiff disputed the validity of the Consumer Debt, Orlando Health violated § 559.72(6) by failing to disclose to USCB America that that fact when contracting with USCB America to collect, or attempt to collect the Consumer Debt.

55.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Orlando Health, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Orlando Health from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against USCB America)

56.     Plaintiff incorporates by reference paragraphs 7 through 46 of this Complaint.

57.     Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

58.     As set forth above, in contracting with USCB America to collect, or attempt to collect, the Consumer Debt, Orlando Health informed USCB America that Plaintiff was represented by an attorney with respect to the Consumer debt and provided USCB America with information sufficient to allow USCB America to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

59.     Accordingly, USCB America violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

60.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against USCB America, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### VIOLATION OF 15 U.S.C. § 1692e(8)
(against USCB America)

61.     Plaintiff incorporates by reference paragraphs 7 through 46 of this Complaint.

62.     Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

63.     As set forth above, USCB America knew that Plaintiff disputed the Consumer Debt because, in contracting with USCB America to collect, or attempt to collect, the Consumer Debt, Orlando Health informed USCB America that Plaintiff disputed the Consumer Debt. As mentioned

above, however, the Collection Letter fails to disclose or otherwise communicate to Plaintiff that

the Consumer Debt is disputed.

64.     Thus, USCB America violated § 1692c(a)(2) of the FDCPA by failing to

communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

65.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

against USCB America, awarding Plaintiff the following relief: [1] statutory and actual damages

as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C.

§ 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(*against USCB America*)

66.     Plaintiff incorporates by reference paragraphs 7 through 46 of this Complaint.

67.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading

representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The

sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban,

including, but not limited to: "*[t]he false representation of the character, amount, or legal status*

*of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

68.     As stated above, USCB America sent the Collection Letter to Plaintiff in an attempt

to collect the Consumer Debt. First, the Collection Letter falsely represents the character and

amount of the Consumer Debt because the Collection Letter represents that Plaintiff owes the

Consumer Debt. As stated above, Plaintiff only owed $50.00 towards the Consumer Debt, which

Plaintiff paid on the date of service. In this light, Defendant violated § 1692e(2)(A) of the FDCPA

because the Collection Letter falsely represents the character and amount of the Consumer Debt

by representing that Plaintiff owes the amount sought in the Collection Letter, as well as by representing that Plaintiff owes the Consumer Debt after having paid her $50.00 portion.

69.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against USCB America, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

70.

DATED: August 13, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:     Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550